IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANTHONY WILLIAM CAMPBELL                                PLAINTIFF

V.                                              NO: 3:20CV96-M-JMV

ANDREW M. SAUL
COMMISSIONER OF SOCIAL
SECURITY                                             DEFENDANT

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On consideration of the file and record of this action, the Court finds that the Report and Recommendation ("R&R") of United States Magistrate Judge Jane Virden [25], dated June 17, 2021, is due to be adopted.

**Procedural Background**

The R&R was entered on June 17, 2021, and on July 8, 2021, Defendant Andrew M. Saul, the Commissioner of Social Security ("Commissioner") filed Objections to the Magistrate's R&R. [30]. Plaintiff Anthony Campbell filed a response to the objections on July 15, 2021. [33] The Court has considered the R&R, the objections, and the response, and concludes the Commissioner's decision is reversed and remanded for further proceedings in accordance with the R&R.

**Standard of Review**

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the ... report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex.

1

2009) (citing *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).

## Discussion

The first objection made by the Commissioner is that Magistrate Judge Virden improperly held that the ALJ rejected Dr. Smith's opinion without adequate reasons and improperly substituted his own opinion in the place of a physician's. The commissioner argues that the ALJ properly exercised his discretion in weighing the opinions in Dr. Smith's examination. The Commissioner asserts that Dr. Smith's findings were rejected because the findings were contradicted by mild findings during the time at issue and the limitations provided by Dr. Smith were inconsistent with other medical evidence.

The Court agrees with the Commissioner that the ALJ has the duty to weigh the evidence and the authority to reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F.App'x 322, 324 (5th Cir. 2007). The ALJ argues that there is substantial evidence to show that Dr. Smith's own findings reveal no more than mild limitations suffered by Campbell and that the record supports the ALJ's findings. The ALJ also argues that Dr. Smith's opinions were based on Campbell's subjective complaints. Campbell points to the medical record, which the ALJ also uses to support his own conclusion, to show that Dr. Smith's findings are consistent with the medical record. The medical record shows a history of medical diagnoses and opinions which support Dr. Smith's findings while also contradicting the ALJ's "mild" findings. To further rebut the ALJ's claim that Dr. Smith based his opinion on Campbell's subjective complaints instead of objective evidence, Campbell notes how Dr. Smith also based his opinion on Campbell using multiple medical reports from Oxford Baptist and Rheumatology.

The Commissioner cites to *Fraga*, arguing that Campbell has had little treatment for any medical condition after 2017, which would weigh against a finding that the condition is disabling.

*Fraga v. Bowen*, 810 F.2d 1296, 1303 (5th Cir. 1987). Campbell cites to *Lovelace* to respond to this argument, stating that Campbell had no insurance and could not afford treatment and if a claimant cannot afford medical treatment and cannot find a way to obtain it then "disabling in fact continues to be disabling in law." *Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987). Following this, the Court cannot find that Campbell's inability to afford medical treatment supports the ALJ's conclusion that a lack of treatment, under these circumstances, weighs against finding the condition disabling.

As Magistrate Judge Virden states, "An ALJ has considerable discretion in assigning weight to medical opinions and may reject the opinion of any physician when the evidence supports a contrary conclusion." *Martinez v. Charter*, 64 F.3d 172, 176 (5th Cir. 1995). The residual functional capacity ("RFC") determination must be supported by substantial evidence, and a lack of substantial evidence can be found when the ALJ fails to make clear what evidence is relied on in crafting the RFC and when portions of a physician's opinion are rejected without giving good reason. *Gray v. Astrue*, 2011 WL 856941, at *6 (N.D. Tex. 2011).

Dr. Smith conducted a physical examination of Campbell and submitted a medical source statement in which he opined that Campbell was able to lift 10 pounds occasionally and frequently, could stand and/or walk for 2 to 4 hours over the course of an 8-hour workday, and for no more than 1 to 2 hours without interruption. Dr. Smith further opined Plaintiff could sit for 4 hours over the course of an 8-hour workday, for no more than 1 to 2 hours at a time. Dr. Smith stated Plaintiff could never climb, balance, stoop, crouch, kneel, or crawl and endorsed limitations in Plaintiff's abilities to push, pull, and see. However, the ALJ found differently and determined that Campbell had the RFC to perform light work, except that he could occasionally balance, stoop, kneel, crouch, or crawl. In determining that Mr. Smith's opinions were unpersuasive, the ALJ stated that "Dr.

3

Smith's own examination revealed no more than mild findings;" the claimant's treatment history showed "little treatment for any condition after 2017;" and the level of limitation "endorsed" by Dr. Smith "was not consistent with the objective medical evidence."

As noted by Magistrate Judge Virden, the ALJ provided no support for its decision that Dr. Smith's exam findings were no more than mild. The ALJ even found in its own assessment that Campbell had mild to moderate degeneration of the spine and left knee. As to the argument that the level of limitation endorsed by Dr. Smith was not inconsistent with the objective medical evidence, the ALJ failed to point to any specific conflicting evidence. The Court agrees with the Magistrate Judge's reliance on *Gray*, which found a lack of substantial evidence where the ALJ failed to make clear what evidence was being relied on in crafting the RFC and also portions of the physician's opinion were rejected without giving good reason. *Gray,* 2011 WL 856941 at *6. As discussed, the medical evidence on the record does not support the ALJ's finding. Also, Dr. Smith was the only physician to conduct a full review of the medical records, and while not completely determinative to the ALJ's decision, this further shows that the ALJ's decision, and finding of Dr. Smith's opinion as inconsistent with the medical record, was not based on substantial evidence.

The Magistrate's R&R makes it clear that "[t]he ALJ's findings of fact are conclusive when supported by substantial evidence … but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). The R&R correctly states that the ALJ rejected every medical opinion in the record regarding Campbell's functional capacity, and instead relied on his own lay opinion about the significance of medical data. [25] Without the assistance of a physician, the ALJ cannot translate medical reports and opinions such as "some degree of degeneration of the spine" into functional

4

terms. Without a medical expert's help, the ALJ cannot draw his own medical conclusions from the data. *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003). The ALJ states that it relies on the medical record evidence instead of Dr. Smith's opinion, but the ALJ fails to make clear what specific evidence is being relied on to determine Campbell's RFC. The ALJ also, as discussed, rejected portions of Dr. Smith's medical opinions without good cause, as Dr. Smith's opinions were dismissed and the ALJ decided to interpret Dr. Smith's findings in his own way. The Court agrees with Magistrate Judge Virden that the ALJ should have obtained an updated medical opinion from a state agency physician before rejecting Dr. Smith's opinion and formulating the claimant's RFC.

The second objection brought by the Commissioner is that the Magistrate Judge improperly reweighed the evidence, rather than deciding if substantial evidence supported the ALJ's findings. The Commissioner argues that the Magistrate Judge did so by "finding Plaintiff's argument more persuasive." This statement made by the Magistrate Judge was done so when looking at the arguments by Campbell and the Commissioner, with Campbell arguing that the ALJ's decision is not supported by substantial evidence and the Commissioner arguing that the decision was supported by substantial evidence. The Commissioner argues that the Magistrate Judge has both applied an improper de novo standard of review to Campbell's argument and improperly reweighed the evidence in the record. After reviewing the record, the R&R, the objections, and the response, the Court does not find that the Magistrate Judge has improperly reweighed the evidence. The Magistrate Judge's analysis did not substitute her judgment for the Commissioner's, and it is clear from the R&R that the Magistrate Judge properly determined that substantial evidence does not support the Commissioner's findings.

**Remainder of Report and Recommendation**

The Court has reviewed the remaining portions of the R&R to which no objections were filed and finds no plain error on the face of the record.

**Conclusion**

After reviewing the record, the R&R, defendant's objections and relevant law, the Court finds that the objections to the R&R are **OVERRULED**, and the R&R is **APPROVED** and **ADOPTED** as the opinion of the Court. The Commissioner's decision is **REVERSED** and **REMANDED** for further proceedings in accordance with the R&R.

**SO ORDERED**, this 29th day of November, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**